THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN MORLEY YOUNG,

Plaintiff,

v.

WACHOVIA FSB, REGIONAL TRUSTEE SERVICES, WELLS FARGO N.A., WORLD SAVINGS BANK FSB, A corporation doing business in the state of Washington.

Defendant.

CASE NO. C11-0552-JCC

ORDER

This matter comes before the Court on the motion to dismiss of Defendant Wells Fargo Bank, N.A. (Dkt. No. 7), notice of joinder by Defendant Regional Trustee Services Corporation (Dkt. No. 9), Defendants' reply (Dkt. No. 11), Plaintiff's motion for Summary Judgment (Dkt. No. 12) and Defendants' response. (Dkt. No. 13.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Defendants' motion for the reasons explained herein.

I. BACKGROUND

On May 12, 2011, Defendant Wells Fargo, joined by Defendant Regional Trustee Services Corporation, moved to dismiss. The motion was noted for June 3, 2011. Plaintiff failed timely to file a response. On June 7, 2011, Plaintiff filed a thirty-seven-page motion asking to be

treated liberally on account of his pro se status. Plaintiff asks the Court to deny the dismissal of his case. The remainder of Plaintiff's motion is a series of discovery requests that appear to have no relation to the motion to dismiss. Plaintiff failed to appear for a status conference on July 6, 2011.

## II. DISCUSSION

"The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)). In practice, this means that pro se plaintiffs are ultimately held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This does not mean, however, that a court can make the Plaintiff's case where he has failed to do so. "[C]ourts should not have to serve as advocates for pro se litigants." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

It is true that pro se plaintiffs are afforded greater latitude than trained lawyers. But Plaintiff has failed to make a single legal argument against dismissal of his case. The Court has been given absolutely no basis to grant his motion. The Court has no choice but to grant dismissal.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. (Dkt. No. 7). Plaintiff's motion for summary judgment is DENIED. (Dkt. No. 12.) This case is DISMISSED with prejudice.

DATED this 21st day of July 2011.

John C. Coughenour
UNITED STATES DISTRICT JUDGE